IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **MEAGEN PINKERTON,** ) | |
| ) | **Civil Action No.:** |
| **Plaintiff,** ) | |
| ) | _____ |
| **v.** ) | |
| ) | |
| **CITY OF MUSCLE SHOALS,** ) | **JURY DEMAND** |
| **ALABAMA,** ) | |
| ) | |
| **Defendant.** ) | |

# COMPLAINT

## I.   INTRODUCTION

1. This is an action for legal and equitable relief to redress sex discrimination, sexually hostile work environment based on sex, and retaliation against Plaintiff Meagen Pinkerton. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"), which provide for relief against discrimination, harassment, and retaliation in employment. Plaintiff seeks injunctive relief, equitable relief, and compensatory damages, and requests a jury trial pursuant to 42 U.S.C. §1981a.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. §§ 2201 and 2202

1

3. A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Colbert County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

## III. PARTIES

5. Plaintiff, Meagen Pinkerton, is a female citizen of the United States, and a resident of the State of Alabama. Pinkerton was an employee of Defendant at all times relevant to this litigation.

6. Defendant, City of Muscle Shoals, Alabama, is an employer doing business in this district and division, and at all times relevant to this action, the Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964.

## IV. ADMINISTRATIVE EXHAUSTION

7. The Plaintiff has satisfied all conditions precedent to the filing of this legal action as required by Title VII.

8. On or about March 7, 2025, Plaintiff filed an EEOC charge alleging sex discrimination, hostile environment, and retaliation.

9. Plaintiff subsequently received a Right-To-Sue Notice from the EEOC. The Right to Sue Notice was electronically mailed to Plaintiff and received on September 19, 2025.

## IV. STATEMENT OF FACTS

10. Plaintiff re-alleges and re-pleads the above and incorporates by reference paragraphs 1 through 9 above with the same force and effect as if fully set out in specific detail herein below.

11. Plaintiff began working for Defendant City of Muscle Shoals, Alabama in the Public Works/Street Department on September 9, 2024.

12. Plaintiff was the only female in her position.

13. Plaintiff was subjected to discrimination based on sex and subjected to a hostile work environment.

14. The discrimination which Plaintiff was subjected included, disparate treatment, harassment, unequal job assignments and work tasks, heightened scrutiny, different application of work rules and policies, intimidation, lack of training, and termination.

15. Male employees were treated differently than Plaintiff was treated.

16. Male employees were not subjected to the same conduct Plaintiff was subjected.

17. Plaintiff objected to the discrimination and harassment; however, prompt and effective remedial action was not taken.

18. Plaintiff repeatedly complained to supervisors, management, and Human Resources.

19. Plaintiff specifically complained that she was being treated differently on the basis of her sex, female.

20. Plaintiff engaged in protected activity.

21. As a result of Plaintiff's complaints, she was retaliated against.

22. The unlawful retaliation consisted of harassment, unequal job assignments and work tasks, disparate treatment, heightened scrutiny, intimidation, and termination.

23. Employees who did not engage in protected activity were not treated in the same manner as Plaintiff was treated.

24. Plaintiff was terminated on March 4, 2025. Prior to her termination, she had not received any discipline or corrective actions.

25. Both Plaintiff's two-month and four-month evaluations stated that she was "doing a great job."

26. During Plaintiff's termination meeting, she objected and stated that she believed her termination was in retaliation for her complaints of sex discrimination.

27. Defendant admitted that things had been fine until Plaintiff's

complaints of discrimination.

28. Plaintiff has suffered emotional distress, embarrassment, and humiliation as a result of the discrimination and harassment and Defendant's conduct.

29. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT ONE: CLAIMS OF SEX DISCRIMINATION PURSUANT TO TITLE VII

30. Plaintiff re-alleges and re-pleads the above and incorporates by reference paragraphs 1 through 29 above with the same force and effect as if fully set out in specific detail herein below.

31. Plaintiff was subjected to discrimination on the basis of her sex.

32. Plaintiff began working for Defendant City of Muscle Shoals, Alabama in the Public Works/Street Department on September 9, 2024.

33. Plaintiff was the only female in her position.

34. The discrimination which Plaintiff was subjected included, disparate treatment, harassment, unequal job assignments and work tasks, heightened scrutiny, different application of work rules and policies, intimidation, lack of training, and termination.

35. Male employees were treated differently than Plaintiff was.

36. Male employees were not subjected to the same conduct Plaintiff was subjected.

37. Plaintiff repeatedly complained to supervisors, management, and Human Resources.

38. Plaintiff specifically complained that she was being treated differently on the basis of her sex, female.

39. In addition to the other forms of discrimination mentioned above, Plaintiff was terminated on March 4, 2025. Prior to her termination, she had not received any discipline or corrective actions.

40. Both Plaintiff's two-month and four-month evaluations stated that she was "doing a great job."

41. Plaintiff's termination and disparate treatment was on the basis of sex.

42. Defendant does not have a legitimate non-discriminatory reason for its conduct.

43. Any reasons asserted by Defendant are pretext for discrimination.

44. Plaintiff has suffered emotional distress, embarrassment, and humiliation as a result of the discrimination and harassment and Defendant's conduct.

45. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT TWO: CLAIMS OF HOSTILE WORK ENVIRONMENT PURSUANT TO TITLE VII

46. Plaintiff re-alleges and re-pleads the above and incorporates by reference paragraphs 1 through 45 above with the same force and effect as if fully set out in specific detail herein below.

47. Plaintiff was subjected to a hostile work environment on the basis of her sex, female.

48. The conduct which Plaintiff was subjected included, but was not limited to, disparate treatment, harassment, unequal job assignments and work tasks, heightened scrutiny, different application of work rules and policies, intimidation, and lack of training.

49. The conduct which Plaintiff was subjected to was unwelcomed, based on sex, and was severe or pervasive so that it effected the terms and conditions of her employment.

50. Plaintiff objected to conduct; however, prompt and effective remedial action was not taken.

51. Because of the complaints and the open and obvious nature of the conduct, Defendant had actual and constructive knowledge of the harassment but failed to take prompt and effective remedial action.

52. Plaintiff has suffered emotional distress, embarrassment and humiliation as a result of the harassment and Defendant's conduct.

53. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

**COUNT THREE: CLAIM OF RETALIATION PURSUANT TO TITLE VII**

54. Plaintiff re-alleges and incorporates by reference paragraphs 1-53, above with the same force and effect as if fully set out in specific detail hereinbelow.

55. Plaintiff engaged in protected activity.

56. Plaintiff complained to supervisors, management and Human Resources about the discrimination and harassment and retaliation which she was subjected.

57. As a result of her protected activity and complaints, Plaintiff was further harassed, discriminated against and terminated.

58. Defendant's actions are causally related to Plaintiff's protected activity.

59. Defendant does not have a non-retaliatory reason for its actions.

60. Defendant's conduct was pretext for retaliation.

61. Plaintiff was treated differently than similarly situated individuals who did not complain of discrimination, harassment, and retaliation.

62. Employees who did not engage in protected activity were not treated in the same manner as Plaintiff was treated.

63. Because of such conduct, the Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

64. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully pray that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964.

2. Grant Plaintiff a permanent injunction enjoining Defendant, Defendant's agents, successors, employees, attorneys and those action in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964.

3. Grant the Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, backpay, interest, benefits, compensatory damages, punitive damages, and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr. (asb-5324-a61r)
WIGGINS, CHILDS, PANTAZIS,
 FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
rcalamusa@wigginschilds.com

*Attorney for Plaintiff*

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL


**Plaintiff will serve Defendant the following: Summons, Complaint.**

**Defendant's Address:**
City of Muscle Shoals, Alabama
P.O. Box 2624
Muscle Shoals, AL 35662


*/s/ Rocco Calamusa, Jr.*
OF COUNSEL